## George A. Trumbull *vs.* Plymouth Mills.

Essex.    March 21, 1919. — April 5, 1919.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Contract,* What constitutes.

If one who had a contract in writing with a corporation, which was the owner of a. mill, to remove for it a penstock, forebay and water wheels for a fixed price, after the making of the contract had a conversation with the owner's manager, who, pointing to the property, said, "This is a large job and I want it done in six weeks, even if you have to work night and day;" and if, later, the contractor, in an interview with the manager, asked him if "that pipe," (meaning the pipe "that goes in over his [its] penstock 'that had to be put in there") would be all right, and the manager said it would, and if then the corporation prevents the contractor from doing any work for it, such conversation and conduct, in an action by the contractor against the corporation for loss of the contract, will not warrant a finding that the corporation agreed to employ the contractor to do anything further than to remove the old penstock, forebay and water wheels.

CONTRACT, with a declaration in two counts, the first count being for damages resulting from the defendant refusing to permit the plaintiff to perform a contract with it for the removing of a penstock, forebay and water wheels at its plant in Lawrence for the agreed price of cost plus ten per cent. The second count was for damages resulting from the defendant refusing to permit the plaintiff to perform a contract whereby the plaintiff agreed to remove the penstock, forebay and water wheels for the defendant and to install a new penstock, water wheels and do other work necessary and incidental thereto for which the plaintiff was to be paid cost plus ten per cent. Writ dated May 14, 1914.

In the Superior Court the action was tried before *Bell,* J. It appeared that the contract for the removal of the penstock, forebay and water wheels was made by correspondence. The plaintiff contended that, after that contract was made, a further agreement was made by words and conduct that he should install the new penstock and water wheels. Before the plaintiff did any work the defendant withdrew all the work from him and it was done by another.

The substance of the evidence upon which the plaintiff relied to establish the contract for the installation of the new penstock and water wheels was as follows: Two or three days after the plaintiff received the letter from the defendant's engineer accepting his proposition to remove the penstock, forebay and water wheels for cost plus ten per cent, he called upon the defendant's manager, who took him to a window and, pointing in two directions, said: "This is a large job and I want it done in six weeks, even if you have to work night and day." The plaintiff testified further: "I didn't bother him until I went to see him later. At the first interview I asked him if that pipe would be all right. He said it would, as I understood him it was engaged at that time, but it wasn't, I guess. By the pipe I meant the pipe that goes in over his penstock that had to be put in there."

In cross-examination, the plaintiff said that he got no information from the defendant that was not contained in the correspondence, outside of his pointing out the window, except that it was a large job and that he wanted it done in six weeks' time if the plaintiff had to work night and day, and that the manager was to let him know when they got ready.

At the close of the evidence, after an agreement by the parties as to the amount of the damages which the plaintiff might recover for the removal of the old penstock, forebay and water wheels in the first count and the construction of the new forebay and installation of the new penstock in the second count, the judge, against the objection and exception of the defendant, submitted the following question to the jury:

"Did or did not the contract as finally made include: (A) The installation of the new penstock; (B) The construction of the new forebay?"

Upon the jury answering both parts of the question in the affirmative, the judge ordered a verdict for the plaintiff in an amount of damages agreed upon, and reported the case for determination by this court. If there was sufficient evidence to warrant submitting the foregoing question to the jury, then judgment was to be entered on the first count in the amount agreed upon for loss of the contract for the removal of the old penstock, forebay and water wheels, $99.58, and on the second count for the amount agreed upon for loss of the contract for the removal of the old

and the construction of the new forebay and the installation of the new penstock. If there was not sufficient evidence to justify submitting the question to the jury, judgment was to be entered for the plaintiff on the first count for the sum of $99.58, and a finding for the defendant was to be made on the second count.

The case was submitted on briefs.

*M. J. Sullivan & M. A. Sullivan,* for the defendant.

*J. P. Sweeney, I. W. Sargent & A. Sweeney,* for the plaintiff.

CARROLL, J. The plaintiff agreed to remove a penstock, forebay and water wheels used in connection with the defendant's mills at Lawrence, and was to be paid on the basis of the cost of the work plus ten per cent. In the first count of his declaration he alleges the defendant's breach of this agreement. It is not questioned that he is entitled to recover on this count.

In the second count the plaintiff alleges that subsequently to the making of the contract to remove the water wheels and appliances, he was employed to install a new penstock, water wheels and other work incidental thereto, for which work he was to be paid the cost plus ten per cent, and that the contract was broken by the defendant. The jury found that the contract as finally made included the installation of a new penstock and the construction of a new forebay. A verdict was rendered for the plaintiff. The case is before us on the report of the trial judge upon the issue whether there was "sufficient evidence" to warrant the submission to the jury of the question: "Did . . . the contract . . . include: (A) The installation of the new penstock; (B) The construction of the new forebay?"

The correspondence is entirely confined and limited to the removal of the penstock, forebay and water wheels. There is no reference to the construction or installation of anything new. Considering all the conversation between the plaintiff and the defendant's agents, we fail to find anything that could be construed as an agreement authorizing the plaintiff to do the work of constructing the new water wheels and penstock.

The plaintiff relies on the conversation with the defendant's agent, when the latter said that the job was a large one and he wanted it done in six weeks, "even if you have to work night and day." There is nothing in this remark to show that the plaintiff was employed to do the work of constructing the new plant.

The statement referred only to the work of removing the old material. All of the testimony supports the defendant's claim that the plaintiff was hired only to remove, and not to rebuild or construct, the appliances.

According to the report, "judgment is to be entered for the plaintiff on the first count for the sum of $99.58, and a finding for the defendant is to be made on the second count."

*So ordered.*